Bernard J. Kunz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John D. Maida,* for appellant.

*Stephen Lipson,* with him *James Bradley,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, May 12, 1980:

Bernard J. Kunz has appealed from a decision of the Unemployment Compensation Board of Review, affirming a referee's decision disqualifying him from benefits for a penalty period of nine weeks pursuant to Section 801(b) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §871(b), which provides in relevant part:

(b) Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act or under an employment security law of any other state or of the Federal Government or of a foreign government, may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for

not more than one additional week for each such week of improper payment. . . .

Kunz was employed by James J. Skelly, Inc. as an oiler from April 1978 until August 1978. In June of that year, Kunz injured his back on the job and missed five days of work. When he returned to work he was instructed, apparently by Skelly's workmen's compensation representative, to have his back examined by a medical doctor and an appointment was made for August 10, 1978. Kunz also began receiving treatments from a chiropractor and he continued to work until August 2, 1978, when he was laid off because of a lack of work. He applied for unemployment compensation benefits, which were granted beginning the week ending August 12, 1978. He did not report his back injury or his chiropractic treatments to the unemployment compensation authorities.

On August 10, 1978, Kunz visited the medical doctor, as instructed, and began receiving treatment from him while continuing his chiropractic treatment. On September 26, 1978, he told a claims examiner at the local employment security office that the physician had found him unable to work. The Bureau (now Office) of Employment Security thereafter determined that Kunz had not been able or available for work as required by Section 401(d) of the Law, 43 P.S. §801 (d) and declared a fault overpayment in the amount of $917.00 for the weeks ending August 12, 1978 through September 23, 1978 pursuant to Section 804 (a) of the Law, 43 P.S. §874(a). Kunz repaid the $917.00 without appealing either decision.[1]

On October 31, 1978, the Bureau issued another determination penalizing Kunz with an additional nine

---

[1] Kunz subsequently filed a claim for and received workmen's compensation benefits for some period of disability. The dates of the workmen's compensation payments do not appear in the record.

weeks of ineligibility under Section 801(b) of the Law. Kunz appealed the determination to a referee who conducted a hearing at which Kunz appeared as the sole witness. The referee affirmed the Bureau on the basis of the following finding of fact:

5. When filing for unemployment compensation benefits the claimant withheld information from the Bureau that he was under the care of a physician and unable to work.

Kunz appealed the referee's decision to the Board of Review which appointed a hearing examiner to take additional evidence. After the second hearing, at which Kunz and representatives of the Bureau testified, the Board affirmed the referee's decision. This appeal followed. We reverse.

Neither the finding of the referee nor the record supports the legal conclusion that Kunz "knowingly fail[ed] to disclose a material fact to obtain or increase any compensation." The referee found only that Kunz withheld information. There was no finding concerning his state of mind or his purpose in withholding the information. Kunz underwent chiropractic treatment for his back injury for nearly two months while he continued to work for Skelly. He explained his failure to report his treatments as follows:

Q. [Referee] Why didn't you tell the local office that you were still being treated by a chiropractor when you came in and filed back in August?
A. I never gave it a thought.
. . . .
A. I didn't really give it a thought. I just figured I'd get the doctor's treatments and maybe I could still continue to go to work. That's the reason I done it really.

This evidence does not support the conclusion that Kunz's withholding of information was knowing or

was done for the purpose of obtaining compensation. Moreover, the fact that Kunz worked for nearly two months while receiving treatments is strong evidence that he considered himself available for work. When he was laid off for reasons unrelated to his health, he had no reason to suspect that his back condition would prevent him from accepting other employment.

The case of *Morocco v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 285, 392 A.2d 913 (1978), on which the Board relies, is distinguishable. There, the claimant not only withheld information because he feared disqualification from benefits but he also falsely stated to the Bureau that he was not employed during the weeks for which he received benefits.

Order reversed.

### ORDER

AND Now, this 12th day of May, 1980, the decision of the Unemployment Compensation Board of Review, penalizing Bernard J. Kunz nine weeks of benefits to which he would be otherwise entitled during the two year period following October 31, 1978, is reversed.