Leo Maiorana, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*R. Michael Owens,* for petitioner.

*Charles G. Hasson,* Associate Counsel, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 30, 1982:

Leo F. Maiorana (claimant) appeals from that part of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision holding the claimant liable for a recoupment fault overpayment based upon Section 804(a) of the Unemployment Compensation Law[1] for not disclosing pertinent information on his claim for unemployment compensation benefits.

The claimant was last employed by the Suburban Industrial Maintenance Company. In August of 1980 the claimant was given an unpaid two week leave of absence by his employer so that he could go to Arizona on personal business. The claimant remained in Arizona for approximately one month without ever giving his employer notification of this extended stay. Upon returning to work in September of 1980, the claimant was informed that he had been replaced. Thereafter, the claimant filed a claim for unemployment benefits citing his reason for being unemployed as "No work

---

[1] Section 804(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(a).

available when return (sic) from leave of absence.'' The claimant subsequently received benefits for the weeks ending October 18 and October 25, 1980 totaling $196.

On November 14, 1980, the Bureau of Employment Security (Bureau) issued a determination denying benefits, finding that the claimant had voluntarily quit his job under Section 402(b) of the Unemployment Compensation Law, 43 P.S. §802(b). On that same day, the Bureau issued a determination that the claimant had been paid benefits to which he was not entitled and it established a nonfault recoupable overpayment under Section 804(b), 43 P.S. §874(b).

The claimant appealed the Bureau's determinations to a referee, which referee affirmed the denial of benefits under Section 402(b), and modified the Section 804(b) nonfault recoupable overpayment to a Section 804(a),[2] fault overpayment, thereby requiring the claimant to repay the $196 he received to the Unemployment Compensation Fund. It was the referee's conclusion that the claimant had failed to disclose pertinent information on his claim for benefits.[3] It is interesting to note however, that in response to question 5 on the claimant's Summary of Interview, inquiring as to the reason for the claimant's discharge, he stated, "My leave was longer than expected and my position had to be filled. There was no longer an open position for me to work.'' On appeal the Board affirmed the referee's decision and adopted his findings of fact.

The claimant now appeals to this Court contesting the Section 804(a) determination of a fault overpayment on the basis that neither the referee nor the Board received any evidence on the issue of "fault.''

---

[2] 43 P.S. §874(a).

[3] The referee did not state what pertinent information the claimant failed to disclose on his claim for benefits.

The Section 402(b) determination regarding the voluntary quit is not at issue.

The word "fault" within the meaning of Section 804(a) connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches. *Summers v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981). To find "fault" under Section 804(a), there must be some finding by the referee or Board concerning the claimant's state of mind. *See, Kunz v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 282, 414 A.2d 433 (1980).

In the instant case, the only finding by the referee having any bearing on the claimant's application for benefits is number 6, which states:

> 6. The claimant filed a claim for benefits effective October 5, 1980, citing his reason for being unemployed as, "no work available when return from leave of absence."

The above finding is in no way indicative of the claimant's state of mind. Nor can any reasonable inference be drawn from this finding upon which culpability can be based.

The scope of review of this Court in unemployment compensation cases is limited to questions of law, and, absent fraud, a determination of whether the Board's findings are supported by substantial evidence. *Unemployment Compensation Board of Review v. Sanchez,* 21 Pa. Commonwealth Ct. 353, 346 A.2d 390 (1975). Since there is no such finding in this case regarding "fault" on the part of the claimant, we are powerless to pass upon this issue or to venture into the record and make our own finding.

Accordingly, that part of the Board's order affirming the referee's determination of a recoupment fault overpayment due by the claimant, is hereby vacated and remanded to the Board for findings on the issue of "fault" attributable to the claimant.

618

## Order

AND Now, this 30th day of December, 1982 that part of the Unemployment Compensation Board of Review's order, No. B-191967, affirming the referee's determination of a recoupment fault overpayment due by the claimant, Leo F. Maiorana, is hereby vacated and remanded back to the Board, for further findings consistent with this opinion.