# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Domonique Morris,                          :
                   Petitioner        :
                                  :
           v.                      :    No. 109 C.D. 2017
                                  :    Submitted: August 11, 2017
Unemployment Compensation                  :
Board of Review,                           :
                   Respondent       :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: January 4, 2018**

Domonique Morris (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board). The Board found Claimant knowingly sought and obtained unemployment compensation (UC) benefits for two weeks during which she was working. The Board thus found Claimant liable for a fault overpayment under Section 804(a) of the Unemployment Compensation Law[1] (Law), and it imposed monetary and eligibility penalties. Claimant argues the overpayments were not her fault because she did not know she had to report employment when she started working rather than when she started receiving paychecks. She further explains she filed the claims for UC benefits because she was unable to pay her bills before she received her first paycheck in her new job. In the alternative, she contends she is entitled to at least

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §874(a).

partial benefits for the second week of her employment, based on the amount of her earnings for that week. Upon review, we affirm.

## I. Background

Claimant filed a UC claim after her former employer terminated her employment in late June 2016. She subsequently obtained new employment with Jako Enterprises, Ltd. (Employer) beginning in early July 2016. She did not initially report her new job to the Department of Labor and Industry (Department). Instead, she filed a claim for UC benefits for the first two weeks of her new employment, stating she did not work in those weeks. Claimant received UC benefits for those two weeks. Bd. Op., 12/30/17, Finding of Fact (F.F.) No. 6.

The Department later sent letters to Employer and Claimant inquiring about her employment status, starting date, and earnings. Referee's Hr'g, 10/11/16, Notes of Testimony (N.T.), at 10. Employer provided Claimant's starting date and her earnings for the two weeks at issue. Id. Claimant acknowledged she was working for Employer during those weeks. Id.

The Department issued a determination of a fault overpayment, finding Claimant liable for repayment of the benefits she received for the two weeks at issue. The Department also imposed a 15% monetary penalty and a four-week ineligibility penalty.

Claimant appealed from the Department's determination. In her appeal, Claimant explained she filed a claim for UC benefits for the first two weeks

2

of her new employment because she had no means to pay bills. She also felt her previous employer owed her because it terminated her employment based on false accusations.

A referee held a telephonic hearing on the appeal, during which Claimant testified. She admitted filing a claim for UC benefits for the first two weeks she worked for Employer. She testified she filed the claim because although she started working, she would not receive her pay for two weeks. She also testified she needed income. She admitted receiving the UC handbook from the Department; however, she denied reading the section instructing her to report wages when she earned them rather than when she received a paycheck. Regarding the first week of her new employment, Claimant also testified that she reported being unemployed that week because she thought she was filing in arrears for the prior week rather than providing information about the current week.

The referee affirmed the Department's determination. Claimant filed a timely appeal to the Board. The Board issued a decision and order affirming the referee's decision. Claimant then filed a timely petition for review with this Court.

## II. Issues

Claimant ostensibly seeks review based on several factual assertions, which we summarize as follows:[2] (1) after Claimant found a new job, she filed for

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

3

UC benefits for the first two weeks of her employment; (2) she needed the UC benefits for her financial responsibilities until she received her first paycheck; (3) the UC system should have generated information that she was working, and should not have let her file for benefits while she was working; (4) once she received her first paycheck from Employer, she stopped claiming UC benefits; and, (5) the UC handbook did not provide sufficient information on how to apply for partial benefits.

### III. Discussion

As an overview, Claimant's asserted factual issues are either undisputed or irrelevant to our analysis on review. Claimant admits she filed a claim for UC benefits while she was working. As discussed below, Claimant's financial need did not determine her eligibility for UC benefits. Claimant does not offer any basis to blame the Department for failing to prevent her from falsely collecting UC benefits. Her cessation of UC benefit claims after she started to receive her paychecks had no bearing on the falsity of her earlier UC claims. Claimant's suggestion that the UC handbook may have been unclear on applying for partial benefits is unsupported and legally insufficient.

Claimant does not dispute the facts that are dispositive in this case: (1) she received the UC handbook notifying her of her duty to report new employment;

4

(2) she applied for UC benefits for two weeks in which she was employed; and, (3) she sought full rather than partial benefits for the second week of her employment.

## A. Fault Overpayment

Claimant admits she filed for UC benefits while she was already working for Employer. N.T. at 5. Nevertheless, she insists she did not knowingly file a false claim. She admits receiving the UC handbook, but she contends she did not read the section instructing her to report new employment as soon as she started working, rather than when she started receiving paychecks. Id. at 6. She further asserts that she needed UC benefits to pay her expenses until she received her first paycheck from her new job. Pet'r's Brief at 8. She also blames the Department for allowing her to collect benefits.[3] Id. at 8, 9.

Under Section 804(a) of the UC Law, "[a]ny person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay ... a sum equal to the amount so received by him and interest ...." 43 P.S. §874(a). "Fault connotes 'an act to which blame, censure, impropriety, shortcoming or culpability attaches.'" Fugh v. Unemployment Comp. Bd. of Review, 153 A.3d 1169, 1174 (Pa. Cmwlth. 2017) (quoting Daniels v. Unemployment Comp. Bd. of Review, 309 A.2d 738, 742 (Pa. Cmwlth. 1973)). An intentional misstatement on an application for UC benefits can support a finding of fault under Section 804(a). Id.

---

[3] In her appeal from the Department's initial determination, Claimant further argued that her former employer owed her UC compensation because it fired her based on false accusations. Certified Record (C.R.) Item No. 7 (Petition for Appeal), at 3. She did not renew that argument before this Court. Thus, it is waived.

Claimant argues she is not at fault for her false statements of unemployment because she did not read the UC handbook and did not know she had to report her new employment before she started receiving paychecks. That argument is legally insufficient to avoid liability. This Court previously reasoned that claimants may not benefit from their own failure to verify their responsibilities under the UC Law. Accordingly, this Court does not allow UC claimants to avoid liability for fault overpayments by asserting they did not read the UC handbook. See Whitehead v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 297 C.D. 2016, filed Oct. 7, 2016) (unreported), 2016 Pa. Commw. Unpub. LEXIS 705; Pizzella v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., Nos. 1812 C.D. 2010, 1813 C.D. 2010, and 1814 C.D. 2010, filed Aug. 3, 2011) (unreported), 2011 Pa. Commw. Unpub. LEXIS 624. We find the reasoning of these cases persuasive. See 210 Pa. Code §69.414(a). We decline to allow Claimant to escape liability for a fault overpayment based on alleged ignorance of the provisions of the UC handbook she admittedly received.

Claimant also argues that she was not at fault for her misstatements because she needed the UC payments until she received her first paycheck. We recognize Claimant's need to support herself while awaiting her first paycheck in a new job. However, financial need does not justify a false UC claim. Accord Castelli v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 2140 C.D. 2010, filed Aug. 16, 2011) (unreported), 2011 Pa. Commw. Unpub. LEXIS 691 (eligibility under the UC Law is not based on claimant's financial hardship).

Claimant further asserts that the fault rests with the Department for having allowed her to collect UC benefits in the first instance. She offers no legal support for the proposition that an alleged delay by the Department in catching Claimant's false UC claim transfers the fault for the overpayment from Claimant to the Department. We discern no merit in this argument.

Because Claimant's arguments do not relieve her from liability, the Board properly imposed a fault overpayment pursuant to Section 804(a) of the UC Law.

### B. Partial Eligibility

Regarding the second week of her employment, Claimant argues that even though she may not be entitled to claim full UC benefits, she remained entitled to partial benefits based on her actual earnings for that week. We disagree.

Claimant maintains she had insufficient information to make a proper partial UC claim. She also blames the UC handbook for inadequately explaining how to apply for partial benefits. However, she admits the online UC application form did ask about partial employment. N.T. at 6. She also admits discussing that issue with a UC representative by telephone. Id. at 6-7. We find Claimant's pleas of ignorance unpersuasive on the issue of partial eligibility, for the same reasons previously discussed.

Claimant argues that any fault overpayment should not include the partial benefit she would have been eligible to receive had she submitted a proper

7

claim for partial UC benefits. This Court squarely rejected that argument in Wallsmith v. Unemployment Compensation Board of Review, 465 A.2d 129 (Pa. Cmwlth. 1983). In Wallsmith, this Court held that failure to report part-time earnings disqualified the claimant from receiving any UC benefits and made the full amount of benefits subject to recoupment. Id. at 130.

Under the UC Law, Claimant's knowingly false claim for full UC benefits during the second week of her new job eliminated any eligibility for partial benefits for that week. See id.

## IV. Conclusion

Claimant received UC benefits through her own fault, by misrepresenting that she was unemployed when she was actually working. Therefore, the Board did not err by entering a fault overpayment subject to recoupment. Further, the Board correctly found that even if Claimant would otherwise have been eligible for partial UC benefits for one of the weeks at issue, her misrepresentation of unemployment for that week rendered her ineligible for any UC benefits and made the full amount of UC benefits subject to recoupment. Accordingly, we affirm.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Domonique Morris,           :
              Petitioner     :
                                 :
         v.                  :     No. 109 C.D. 2017
                                 :
Unemployment Compensation   :
Board of Review,             :
              Respondent   :

# **O R D E R**

**AND NOW**, this 4th day of January, 2018, the decision of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge