Michael Morocco, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges CRUM-
LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Richard G. Raff,* for petitioner.

*Michael Klein,* Assistant Attorney General, with
him *Sydney Reuben,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 26, 1978:

Michael Morocco has appealed from an order of
the Unemployment Compensation Board of Review
(Board) affirming a referee's decision imposing a
fault overpayment in the amount of compensation re-
ceived for weeks during which the appellant failed to
report earnings.

There is no dispute as to the facts. Mr. Morocco
was validly separated from employment at the West-
inghouse Electric Corporation on August 22, 1975. He
was thereafter determined eligible for a weekly com-
pensation benefit of $85.00 and a partial benefit credit
of $34.00. Each week, from the week ending Septem-
ber 6, 1975 until the week ending March 20, 1976, up-
on reporting to the employment office to receive his

benefits, Mr. Morocco was required to state whether he was working. Each week he reported that he was not. In fact, on September 5, 1975 Mr. Morocco began working part-time as a musician earning $40.00 per week, an amount $6.00 in excess of his partial benefit credit. Mr. Morocco testified that he failed to report these earnings because he was afraid they would cause him to be disqualified from receiving benefits.

Section 801(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §871(b) provides in pertinent part that

> [w]hoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation . . . may be disqualified in addition to such week or weeks of improper payment for a penalty period of two weeks. . . .

No clearer expression for Mr. Morocco's disqualification by law for any benefits for the weeks in question could be fashioned.

Mr. Morocco asserts nevertheless that he should not have been held disqualified from all benefits but only that the amount of benefit he otherwise would have received should have been reduced by the amount by which his earnings exceeded his partial benefit credit. In support of this position he advances *Unemment Compensation Board of Review v. Fabric*, 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976), *Snyder Unemployment Compensation Case*, 194 Pa. Superior Ct. 622, 169 A.2d 578 (1961). These cases are clearly distinguishable. In *Fabric* we held that a claimant who voluntarily leaves part-time employment is ineligible for benefits only to the extent that his benefits were reduced by his part-time earnings. In *Snyder* the Superior Court held that a claimant who re-

fuses part-time employment is ineligible only to the extent of the wages which she would have earned. These cases in effect authorize partial benefits where there has been partial voluntary unemployment. They do not authorize partial benefits for one who in the words of the statute "makes a false statement knowing it to be false or knowingly fails to disclose a material fact in order to obtain or increase any compensation."

Order affirmed.

### ORDER

AND Now, this 26th day of October, 1978, the order of the Unemployment Compensation Board of Review dated March 10, 1977 is affirmed and this appeal is dismissed.