Paul Summers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Christopher Furlong,* with him *A. Roy DeCaro,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 19, 1981:

Paul Summers (claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision declaring the claimant ineligible for benefits, and holding the claimant liable for a recoupable fault overpayment of $1359. The referee's determination of ineligibility was based upon Section 401(b) of the Unemployment Compensation Law (Law),[1] due to failure to report casual employment and earnings therefrom; and the determination of recoupable fault overpayment was based upon Section 804(a) of the Law,[2] due to claimant's withholding of material information from the Bureau of Employment Security (Bureau).

The claimant is a carpenter who received $151 in benefits in each of the claim weeks ending May 6, 1978, through July 1, 1978. He did not report any employment, or earnings therefrom, to the Bureau during this period.

It was subsequently discovered by the Bureau that the claimant had performed carpentry work for others, and that he was paid approximately $1150 for the work which he performed during the above-stated claim weeks. Specifically, the claimant received $750 on June 23, 1978, for work performed for the Galileo Club; and he received $400 on June 30, 1978, for work

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §801(b).

[2] 43 P.S. §874(a).

done for a private individual. After discovering these facts, the Bureau, on September 14, 1978: (1) issued a determination that the claimant was not "unemployed", as defined by Section 4(u) of the Law,[3] and was thus ineligible under Section 401(b) for the period in question; and (2) established that claimant had received a "fault" overpayment of $1359 during that period, which overpayment was recoupable under Section 804(a) of the Law.

The claimant appealed from the Bureau's determinations and a referee's hearing was held on October 27, 1978. The referee reversed the Bureau, and the Bureau appealed the referee's decision to the Board. The Board remanded the case to a referee, acting as Hearing Officer for the Board, for the purpose of taking additional testimony. After the remand hearing the Board, on April 23, 1979, reversed the referee; denied benefits to the claimant under Section 401(b); and established a "fault" overpayment under Section 804(a) in the amount of $1359. This appeal from the Board's Order followed.

We find no error in the Board's determination that, by failing to report his employment and earnings therefrom, the claimant was disqualified from receiving benefits. This Court has held that a claimant is disqualified from receiving unemployment compensation benefits for weeks during which he fails to report earnings. *Morocco v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 285, 392 A.2d 913 (1978). Our decision in *Morocco* was based upon the provisions of Section 801(b) of the Law,[4] which provides in pertinent part:

　　(b) Whoever . . . knowingly fails to disclose a material fact to obtain or increase any

---

[3] 43 P.S. §753(u).
[4] 43 P.S. §871(b).

compensation or other payment under this act ... may be disqualified....

The language of Section 801(b) is equally applicable here, and manifests clear authority for denying benefits to the instant claimant. Claimant readily admits cognizance of his obligation to report any and all earnings to the Bureau.[5] It must therefore be held that, by failing to do so, he knowingly and intentionally withheld material facts from the Bureau, in violation of the Law; and is disqualified from receiving benefits during the claim weeks at issue. See also, *Lynn v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 75, 396 A.2d 500 (1979).

We likewise agree with the Board's conclusion that the appellant's conduct is sufficient to establish a recoupable fault overpayment under Section 804(a). The word "fault" within the meaning of Section 804 (a) connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches. *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979); *Daniels v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973). Conduct designed improperly and intentionally to mislead the Bureau is sufficient to establish a fault overpayment as a matter of law. *Lynn, supra.*

Appellant in the instant case admits both that he had earnings from employment during the weeks in question, and that he failed to report these earnings to the Bureau, although aware of his obligation to do so. In light of these facts, which are established by the record evidence, we find no error in the Board's determination that the claimant's conduct was designed

---

[5] The claimant testified below that he had reported earnings of $20 a week from his position as a councilman for the Borough of Yeadon. It can be inferred from his conduct in reporting such income that he was aware of his duty to report income generally.

improperly and intentionally to mislead the Bureau; and is sufficient to establish a fault overpayment as a matter of law.

Accordingly, the Order of the Unemployment Compensation Board of Review is affirmed.

ORDER

AND Now, the 19th day of June, 1981, the Order of the Unemployment Compensation Board of Review, at Decision No. B-171352, dated April 23, 1979, is affirmed.