Noris Wallsmith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Bernard D. Cullen, Brady, Lindner & Cullen,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 14, 1983:

Noris Wallsmith (Claimant) appeals from an Unemployment Compensation Board of Review (Board) order denying benefits under Section 401(b) of the Unemployment Compensation Law (Law)[1] and, pur-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(b). Section 401(b) provides in pertinent part:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(b) Has registered for work at, and thereafter continued to report to an employment office in accordance with such regulations as the secretary may prescribe. . . .

suant to Section 804(a) of the Law,[2] ordering recoupment of a fault overpayment for weeks during which Claimant did not report part-time earnings to the Office of Employment Security (OES).

The Board's factual findings are not disputed. Upon being validly separated from employment, OES deemed Claimant to be eligible for a weekly benefit amount of $120.00, a weekly dependency allowance of $8.00 and a partial benefit credit of $48.00. From week ending October 4, 1980 through December 27, 1980, a period of thirteen weeks, Claimant received unemployment compensation totaling $1,664.00. Coextensively, Claimant worked part-time as a sales clerk earning weekly wages which exceeded her partial benefit credit by varying amounts.

Although Claimant read and understood the OES information booklet which mandated that all wages earned during each claim period be reported, Claimant failed to report her part-time earnings to the compensation authorities. The referee's decision, summarily affirmed by the Board, determined Claimant to be ineligible for benefits under Section 401(b) of the Law and ordered the recoupment of the $1,664.00 fault overpayment pursuant to Section 804(a) of the Law.

Claimant asserts that the recoupable, fault overpayment should not equal the amount of total benefits received, $1,664.00, but the sum of the amounts by which Claimant's weekly part-time earnings exceeded her partial benefit credit. Rather than being disqualified from receiving all benefits, Claimant would,

---

[2] Section 804(a), 43 P.S. §874(a), pertinently provides:

(a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him. . . .

therefore, remain eligible for her weekly benefit rate less the amount by which her part-time wages exceeded her partial benefit credit.

Claimant's unsupported contention is meritless in light of our holding in *Morocco v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 285, 392 A.2d 913 (1978). In *Morocco*, the Board ordered the recoupment of fault overpayments made to a claimant who failed to report weekly part-time wages (in excess of his partial benefit credit) to OES. In rejecting an argument identical to the one proffered *sub judice* (recommending *partial* benefits for claimants who knowingly fail to notify OES of their weekly part-time earnings), we held, citing Section 801(b) of the Law,[3] the delinquent claimant to be disqualified from receiving *any* benefits; all compensation thus being properly subject to full recoupment under Section 804(a) of the Law. *Id. See, Rohrbach v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982); *Summers v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981).

We accordingly affirm the order of the Board.

### Order

AND Now, this 14th day of September, 1983, the Order of the Unemployment Compensation Board of Review, dated November 17, 1981, at Decision No. B-201219, is affirmed.

---

[3] Section 801(b), 43 P.S. §871(b), provides in part:

(b) Whoever . . . knowingly fails to disclose a material fact to obtain or increase any compensation or other payment . . . may be disqualified. . . .