Lawrence R. Richards, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 30, 1984, to Judges ROGERS, MACPHAIL and BARBIERI, sitting as a panel of three.

*G. Scott Gardner,* for petitioner.

*Michael Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, September 10, 1984:

Lawrence R. Richards, (Claimant), appeals here from an order of the Pennsylvania Unemployment Compensation Board of Review (Board) reversing a referee's decision and declaring Claimant ineligible for benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law).[1]

There is no dispute as to the facts. Claimant, while receiving benefits for a layoff from his employment at Bethlehem Steel Corporation, was discharged from a part-time job with Domino's Pizza where his weekly earnings were less than his "partial benefit credit" of $70.00 per week. His discharge from Domino's Pizza was for willful misconduct.

Claimant, without seeking to contest the Board's findings concerning the willful misconduct discharge by Domino's Pizza, but citing our holding in *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976), contends that with his part-time job paying less than his "partial benefit credit" it was clear error to disallow his weekly compensation benefits since his part-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e).

time work could have no effect on his entitlement to regular benefits and, therefore, under *Fabric,* his loss of the employment with Domino's Pizza is irrelevant. We agree.

In *Fabric,* where there was part-time employment with earnings less than the partial benefit credit, as here, we stated the test for disallowance or deduction of regular benefits to be as follows:

> In other words, the part-time job must have yielded income in excess of the partial benefit credit (and thus decreased the amount of the weekly benefits payable) before a claimant can be denied any benefits because of a voluntary separation. Under the statutory definition, a claimant is only "unemployed" due to his voluntary separation to the extent of the wages he was earning; and we see no provision in the Act which requires or authorizes the Board to deny all of the claimant's benefits.

*Id.* at 241, 354 A.2d at 907.

We then concluded:

> In summary, we hold that when a Claimant voluntarily leaves part-time employment . . . he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings.

*Id.* at 242-43, 354 A.2d at 908.

Although in *Fabric* separation from the part-time job was by voluntary quit and the separation here was for willful misconduct, the difference is irrelevant to the issue involved here. If, as we noted in *Fabric,* a Claimant receiving regular benefits "is under no obligation to seek employment which pays less than his partial benefit credit[,]" *Id.* at 241, 354 A.2d at 907. Leaving his part-time job does not increase his weekly benefits and thus does not impose an added burden on

the fund, so that the loss of the part-time job in such circumstances becomes irrelevant to the payment of regular benefits.

Nevertheless, the Board contends that a separation from the part-time employment for willful misconduct contains some form of impropriety which places this case outside of the scope of *Fabric* and under the influence of our decision in *Morocco v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 285; 392 A.2d 913 (1978). We disagree. In *Morocco,* Claimant was receiving unemployment benefits of $85.00 weekly with a partial benefit credit of $34.00. While receiving such regular weekly benefits, *Morocco* earned $40.00 per week which he admittedly failed to report in order to avoid having his benefits affected thereby. We upheld his disqualification for all benefits on the basis of the penalty imposed under Section 801(b) of the Law, 43 P.S. §871(b), for his having knowingly failed "to disclose a material fact to obtain or increase any compensation. . . ." In so ruling, we distinguished *Fabric,* a distinction which we recognize here. Here, as distinguished from *Morocco,* we have no statutory or other basis for imposing a penalty as to regular benefits because of unemployment from a part-time job which Claimant had a right to keep or lose since the earnings therein could in no respect affect his entitlement to regular benefits. *Fabric.*

Accordingly, since the Board decision is erroneous as a matter of law under our holding in *Fabric,* we must reverse.

### ORDER

Now, September 10, 1984, the order of the Unemployment Compensation Board of Review, dated April 20, 1983, is reversed and it is directed that benefits be provided to Lawrence R. Richards consistent with the foregoing opinion.