526 A.2d 846

Thomas C. Himmelwright, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 7, 1986, before Judges MACPHAIL, COLINS, and PALLADINO, sitting as a panel of three.

*M. Samuel Rosenzweig, Laurel Legal Services,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, June 4, 1987:

Thomas C. Himmelwright (Petitioner) appeals here from an Order of the Pennsylvania Unemployment Compensation Board of Review (Board) affirming a referee's decision and declaring Petitioner ineligible for benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The facts in the case at bar are not in dispute. Petitioner was last employed by Dan's AM-PM Mini-Mart (Employer) as a clerk for approximately three years at the rate of $3.75 per hour. Although Petitioner had been offered full-time work by the Employer approximately one year prior to August 11, 1985, he refused this offer of full-time employment and chose to continue as a part-time employee. Therefore, Petitioner had been scheduled to work only an eight hour shift on Sundays for the year prior to his discharge. Petitioner was fired because he did not come into work on August 11, 1985. Petitioner did not report his discharge to OES and continued to receive his benefits.

In June, 1985, Petitioner had begun to recieve $85 per week in unemployment compensation benefits (benefits). His part-time employment did not affect his entitlement to these benefits because his earnings were $30 per week which was less than his partial benefit credit of $34 per week. However, upon learning from Employer that Petitioner had been discharged for failure to report to work, OES issued a Notice of Determination which concluded that Petitioner's conduct constituted willful misconduct and, pursuant to Sections 402(e)[2] and 401(c)[3] of the Law, Petitioner's entire claim for benefits received during the weeks ending August 10, 1985 through September 7, 1985 was disapproved. Because Petitioner had already received benefits for these weeks, OES also issued a second Notice of Determination finding, pursuant to Section 804(a),[4] that Petitioner had received a fault overpayment in the amount of $400.00.

Petitioner appealed the OES determination and, after a hearing, a referee affirmed the OES determination

---

[2] *Id.*

[3] 43 P.S. §801(c).

[4] 43 P.S. §874(a).

of willful misconduct and denied all benefits to Petitioner. In addition, the referee affirmed the OES determination of the $400.00 fault overpayment. Petitioner appealed to the Board which affirmed the referee's order.

On appeal to this court, Petitioner does not contest the determination of willful misconduct but asserts that because his part-time earnings of $30.00 per week were less than his partial benefit credit of $34.00, it was clear error to disallow all weekly compensation benefits. Since his part-time work had no effect on his entitlement to regular benefits, Petitioner asserts that the loss of his employment, even though based on willful misconduct, is irrelevant. As a result, Petitioner also argues that the referee's imposition of a penalty under Section 804(a) was in error.

The sole issue on appeal to this Court is whether an employee who is discharged for willful misconduct from a part-time position where he earns less than his partial benefit credit can be disallowed all unemployment compensation benefits in light of the fact that the employee voluntarily chose to work part-time when full-time work was available with the employer.

Petitioner bases his argument on *Richards v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 90, 480 A.2d 1338 (1984), and *Unemployment Compensation Board of Review v. Fabric*, 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976). In *Fabric*, the claimant, Robert Fabric (Fabric), had been an employee of the U.S. Postal Service in a full-time job until he was discharged in a valid separation, at which time he applied for and received unemployment benefits. Fabric then began working part-time as a cashier in a tobacco shop earning less than his partial benefit credit of $20.00 per week. Fabric voluntarily quit his part-time job in what was determined to be an

invalid separation under Section 402(b).[5] The Board reversed a referee's determination and denied *all* benefits to Fabric because he voluntarily terminated his job without cause of a necessitous and compelling nature. We reversed the Board holding that when a claimant voluntarily leaves part-time employment, he is rendered ineligible for further benefits only to the extent that his benefits were decreased by virtue of his part-time earnings.

In *Richards,* the holding in *Fabric* was applied to a claimant who was discharged for willful misconduct. The claimant in *Richards* was discharged from a part-time job with Domino's Pizza where his weekly earnings were less than his partial benefit credit. The Board disallowed all benefits contending that a separation from the part-time employment for willful misconduct contained some form of impropriety which placed that case outside the scope of *Fabric.* We reversed the board holding that the loss of the part-time employment was irrelevant because it had no effect on the claimant's entitlement to regular benefits. The rationale of *Fabric* and *Richards* hinged on the concept that when a claimant leaves part-time employment but does not increase his weekly benefits, an additional burden is not imposed on the unemployment compensation fund.[6]

*Fabric* and *Richards* are distinguishable from the case at bar because, here, Petitioner has placed an additional burden on the fund. The referee found that Petitioner had been offered full-time work by the Employer

---

[5] 43 P.S. §802(b).

[6] "We agree that the unemployment compensation system would be open to abuse if a claimant could leave part-time employment and thus increase his weekly benefits and impose some burden on the fund." *Fabric,* 24 Pa. Commonwealth Ct. at 240, 354 A.2d at 907.

approximately one year prior to August 11, 1985. This finding is supported by the following testimony:

QR: In your conversation with the Office of employment security, you had indicated Mr. Culp that you had offered Mr. Himmelwright a full time work?

EW: Yes.

QR: When had you made that offer to him?

EW: When he (inaudible) he said that he didn't want to work more than one day a week.

QR: When was that though, do you have any idea?

EW: When he went out and left, my son brought him and left there and went down his house and he was still working one day and he said (inaudible) so when I hired this other man I asked him and he said that he didn't want to work more than one day a week up there at the store.

. . .

QR: Was he working somewhere else full time?

EW: He was collecting unemployment.

QR: He was collecting unemployment?

EW: As far as I know.

QR: Now earlier it was indicated that the Claimant had worked for three years, we are looking at something here that he had worked for three years just one day?

EW: He worked full time in the beginning when he first started, full time and he come in and said Bill he said, I'm going to work down at the garage so I said fine you bagged yourself (inaudible) there isn't anybody back but he said that he would like to keep the one day a week because his hospitalization was covered at the

store. But I could understand that and I said sure, you let him work one day a week plus his work down there then he quit down at the garage when after some kind of work now I don't know what he did after that I didn't have no idean [sic] or anything else.

. . .

CL: But in fact you haven't offered it in the last 12 months the full time?

EW: He said that he didn't want to work full time. So I didn't offer it to him anymore.

CL: But he was working?

EW: No, he was collecting unemployment.

. . .

EW: Here's a man that is making $30.00 a week of his own choosing this man was offered to come back 4 days a week minimum 32 hours not at $30.00 as he so choose not I and I got someone else in his place that will work 32 hours a week that is not my fault that's his fault that he is making $30.00 a week because he wanted to collect his unemployment or did whatever he wanted to do and that's his business. My business was to offer him a job and he said that he only wanted to work one day a week so I hired another man. So his choosing to make $30.00 a week was his own chosing [sic] not mine and that's all that I have to say.

We conclude that Petitioner did indeed place an added burden on the fund because he voluntarily chose to work only one day per week when more hours were made available to him. Although an employee is "under no obligation to seek employment which pays less than his partial benefit credit," we will not countenance an employee who fails to accept an offer of suitable full-time work in order to pursue part-time employment be-

cause he only wants to work one day per week. *See,* 402(a)(1) of the Law.[7]

Petitioner also challenges the referee's determination that he is liable to repay $400 as a fault overpayment. Section 874(a) provides: "Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund . . . a sum equal to the amount so received by him. . . ." Petitioner has been determined ineligible for unemployment compensation benefits which he received. The referee found as fact that the Petitioner in the submission of his mail claims, did not indicate that a separation of employment occurred. Therefore, Petitioner did, in fact, receive unemployment compensation benefits to which he was not entitled and is liable for the fault overpayment.

Accordingly, the order of the Unemployment Compensation Board of Review is affirmed.

ORDER

AND NOW, June 4, 1987, the Order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.

---

[7] 43 P.S. §802(a)(1).